UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMERSON THOMPSON** | : | **CIVIL ACTION** |
| **4439 Cottman Avenue** | : | |
| **Philadelphia, PA 19135** | : | |
|        **Plaintiff,** | : | |
| | : | |
|        **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | **NO.** |
| **POLICE DEPARTMENT** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
|        **and** | : | |
| **SERGENT MARK STOOTS** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
|        **and** | : | |
| **OFFICERS VINCENT VISCO** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
|        **and** | : | |
| **OFFICERS MICHAEL MOORE** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
|        **Defendants.** | : | |

**COMPLAINT - CIVIL ACTION**

I.    **INTRODUCTORY STATEMENT**

    1.    This is an action for damages sustained by a citizen of the United States against police personnel of the City of Philadelphia Police Department, who unlawfully attacked, assaulted, arrested and maliciously prosecuted Plaintiff on criminal charges

which they knew to be false.  Further, this action seeks damages against a municipality, the City of Philadelphia, for maintaining official and/or unofficial policies, practices, and customs that resulted in the Constitutional violations alleged herein and as the respective employers of the police personnel in question.

## II.     JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C Sections 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U. S. C. Sections 1343(b)(3), (b) (4), and 1331.

## III.    PARTIES

4.     Plaintiff, Jamerson Thompson, is an adult individual resident of the Commonwealth of Pennsylvania residing at the above caption address.

5.     At all times relevant hereto, the Defendant City of Philadelphia, Police Department employed police personnel including but not limited to Sergeant Mark Stoots, badge number 8586, Police Officer Michael Moore, badge number 3175, Police Officer Vincent Visco, badge number 1292, and was responsible for establishing training and developing policies and regulations and for ensuring that each officer completes the requisite training and obeys the laws of the Commonwealth of Pennsylvania and the United States.

6. At all times relevant hereto, Defendant, Sergeant Mark Stoots, badge number 8586 (hereinafter "Stoots") was a police sergeant employed by Defendant, City of Philadelphia, Police Department to perform duties, including but not limited to, maintaining the peace and protection of the citizens of Philadelphia. At all relevant times, Stoots was acting in such capacity as the agent, ostensible agent, servant and employee of the aforesaid Defendant, City of Philadelphia, Police Department. Stoots is being sued individually and in his official capacity, as he was involved in the assault, wrongful arrest and malicious prosecution of Plaintiff, which took place on or about July 5, 2002 in front of 4427 Cottman Avenue in the City and County of Philadelphia.

7. At all times relevant hereto, Defendant, Officer Vincent Visco, badge number 1292 (hereinafter "Visco") was a police officer employed by Defendant, City of Philadelphia, Police Department to perform duties, including but not limited to, maintaining the peace and protection of the citizens of Philadelphia. At all relevant times, Visco was acting in such capacity as the agent, ostensible agent, servant and employee of the aforesaid Defendant, City of Philadelphia, Police Department. Visco is being sued individually and in his official capacity, as he was involved in the assault, wrongful arrest and malicious prosecution of Plaintiff, which took place on or about July 5, 2002 in front of 4427 Cottman Avenue in the City and County of Philadelphia.

8. At all times relevant hereto, Defendant, Officer Michael Moore, badge number 1292 (hereinafter "Moore") was a police officer employed by Defendant, City of Philadelphia, Police Department to perform duties, including but not limited to, maintaining the peace and protection of the citizens of Philadelphia. At all relevant times, Moore was acting in such capacity as the agent, ostensible agent, servant and

employee of the aforesaid Defendant, City of Philadelphia, Police Department.  Moore is being sued individually and in his official capacity, as he was involved in the assault, wrongful arrest and malicious prosecution of Plaintiff, which took place on or about July 5, 2002 in front of 4427 Cottman Avenue in the City and County of Philadelphia.

9. At all times relevant hereto, and in all the actions described herein, Defendants, Stoots, Visco and Moore were acting under the color of state law and pursuant to their authority as police personnel for the Defendant City of Philadelphia, Police Department.

10. All of the acts or omissions alleged herein are the acts and/or omissions of Defendant City of Philadelphia, Police Department by and through its agents, ostensible agents, servants, workman and/or employees, acting within the course and scope of their employment and under color of law and pursuant to their authority as police personnel with and on behalf of said Defendant.

IV. **FACTUAL ALLEGATIONS**

11. On or about July 5, 2002, Defendants, Stoots, Visco and Moore responded to radio call regarding a break in at 4427 Cottman Avenue and without any justification did brutally, and viciously attacked and assaulted Plaintiff by, *inter alia*, physically kicking, poking with night sticks, punching, and pepper spraying Plaintiff.

12. After Defendants, Stoots, Visco, and Moore assaulted Plaintiff, said Defendants arrested Plaintiff and further caused Plaintiff to be wrongfully charged and maliciously prosecuted for aggravated assault, simple assault, and resisting arrest.

13. The aggravated assault charge was dismissed at the preliminary hearing on October 24, 2002. Further, Plaintiff was found not guilty of the remaining charges of simple assault and resisting arrest by the Honorable Frank Palumbo on March 25, 2003.

14. As a result of the misconduct hereinbefore described, Plaintiff, sustained severe bodily injuries, extreme humiliation, fear, emotional distress, pain and suffering, incurred expenses, including legal fees, and was otherwise damaged.

15. On information and belief, the abuse to which Plaintiff was subjected was consistent with policies, practices and customs of Defendant, City of Philadelphia, Police Department, which was known to and ratified by said Defendants and Defendants at no time took any effective action to prevent said Defendants' personnel from continuing to engage in such misconduct which resulted in the Constitutions violations alleged in this action.

16. On information and belief Defendant, City of Philadelphia, Police Department had prior notice of Defendants Stoots', Visco's, and Moore's propensities to utilize excessive force and/or attack without reason, but took no steps to train or re-train them, correct their abuse of authority, formally discipline or to otherwise discourage their unlawful use of authority. Further, after Plaintiff suffered the assault, battery, wrongful arrest and malicious prosecution at the hands of Defendants, Stoots, Moore, and Visco, Plaintiff filed an internal affairs complaint against said defendants with Defendant City of Philadelphia, Police Department, however, Defendants, Stoots, Moore, and Visco were never disciplined and are allowed to continued their wrongful conduct.

## VI.  CLAIMS

### COUNT I
### FEDERAL CAUSES OF ACTION

17. The allegations set forth in paragraphs 1 through 16 are incorporated herein by reference.

18. The hereinabove actions and omissions, engaged in under color of state authority by Defendant, City of Philadelphia, Police Department being sued as a responsible party because of their authorization, condonation and ratification for the acts and omissions of its agents, Defendants, Stoots, Visco, and Moore when Plaintiff, Jamerson Thompson's rights were violated.

19. Actions of Defendants, Stoots, Visco, and Moore, as set forth above, constitute unreasonable seizures and excessive use of force in violation of the Fourth Amendment of the Constitution of the United States as well as 42 U. S. C. Section 1983.

20. Defendants' clearly excessive use of force as set forth above was not applied in a good faith effort to maintain and/or restore the peace but instead was malicious, sadistic and used for the exclusive purpose of inflicting harm.  Moreover, the assault, battery and illegal arrest by Defendants, Stoots, Visco, and Moore was the sole cause of the disturbance outside of 4427 Cottman Avenue on the evening of July 5, 2002.

**WHERFORE**, Plaintiff demands the following relief jointly and severally, against all Defendants;

      A.    Compensatory damages in an amount less than $100,000.00;
      B.    Punitive damages in an amount less than $100,000.00;

    C.    Attorney's fees pursuant to 42 U.S.C. section 1988; and
    D.    Such other and further relief as this Court may deem appropriate under circumstances.

## COUNT II
## PENDENT CAUSES OF ACTION

21.    The allegations set froth in paragraphs 1 through 28 are incorporated herein by reference.

22.    The acts and conduct hereinbefore alleged constitute assault, battery, wrongful arrest and malicious prosecution under the laws of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally, against all defendants;

    A.    Compensatory damages in an amount less than $100,000.00;
    B.    Punitive damages in an amount less than $100,000.00;
    C.    Attorney's fees pursuant to 42 U.S.C. section 1988; and
    D.    Such other and further relief as this court may deem appropriate under the circumstances.

Respectfully Submitted,

STEPHANIE SAWYER, ESQUIRE
Identification Number 62324

The Architects Building
117 South 17th Street, Suite 402
Philadelphia, PA 19103
(215) 988-9080		telephone
(215) 988-9120		fax